NR:AAS
F. #2012R01872

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

| | |
|---|---|
| UNITED STATES OF AMERICA | PLEA AGREEMENT |
| - against - | 13 CR 269 (S-5) (DLI) |
| JOHN SAMPSON, | |
| Defendant. | |

– – – – – – – – – – – – – – – – –X

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and JOHN SAMPSON (the "defendant") agree to the following:

1. The defendant will plead guilty to Counts One and Two of the above-captioned superseding indictment, charging violations of 18 U.S.C. § 666(a)(1)(A). The counts each carry the following statutory penalties:

   a. Maximum term of imprisonment: 10 years
      (18 U.S.C. § 666).

   b. Minimum term of imprisonment: 0 years
      (18 U.S.C. § 666).

   c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
      (18 U.S.C. § 3583 (b) & (e)).

                                                                                          2

      d.      Maximum fine: $250,000, or twice the gross gain or gross loss from the offense.
(18 U.S.C. § 3571(b)(3)).

      e.      Restitution:  The parties agree that restitution, in an amount of $91,935.85, should be ordered by the Court.
(18 U.S.C. §§ 3663 and 3663A).

      f.      $100 special assessment per count of conviction
(18 U.S.C. § 3013).

      2.      Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Office and the defendant agree that a specific sentence of 60 months for Count One and Count Two to run concurrently to each other and concurrently to the 60-month concurrent sentences the Court imposed on January 18, 2017 for all other counts of conviction, to begin retroactively on April 21, 2017 (the date the defendant reported to the Bureau of Prisons) and to terminate on the same date as the sentences for all other counts of conviction, is the appropriate term of imprisonment and with term of supervised release of 3 years to begin at the completion of the term of incarceration previously imposed by the Court in this case.  The parties further agree that there will be no further fine imposed.  The agreed-upon terms of imprisonment and supervised release are not based on the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").  In the event that the agreed-upon sentence is below or above the Guidelines sentencing range calculated by the Court, the defendant and the Office consent to an adjustment under 18, U.S.C. § 3553(a) and the Office will inform the Court at the time of sentencing why the adjustment is justified.  The defendant agrees that no departure under the Guidelines or adjustment under 18 U.S.C. § 3553(a) is warranted in this case.  If the Court rejects this plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, the defendant and the Office shall be afforded the opportunity to withdraw or vacate

3

the plea. To the extent the Court imposes special conditions of supervised release, such components of the sentence are governed by 18 U.S.C. § 3553 and the Guidelines.

       3.     The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment as delineated in Paragraph 2. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 4(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

       4.     The Office agrees that:

          a.     no further criminal charges will be brought against the defendant for his embezzlement from escrow accounts of funds he controlled, pursuant to his appointments by the Kings County Supreme Court, as a referee in foreclosure proceedings during the period from 1998 through 2009, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant

4

to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss any underlying indictments with prejudice;

Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to the provisions of paragraph 4 (a).

       5.       This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

       6.       Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

5

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
_____, 2018

                    RICHARD P. DONOGHUE
                    United States Attorney
                    Eastern District of New York

By: _____
     Alexander A. Solomon
     Assistant United States Attorney

Approved by:

_____
Nathan Reilly
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
JOHN SAMPSON
Defendant

Approved by:

_____
Nick Akerman
Counsel to Defendant