

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NR/AAS
F. #2010R00138

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 17, 2019

<u>By ECF and Hand Delivery</u>

Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. John Sampson
              <u>Criminal Docket No. 13-269 (DLI)</u>

Dear Chief Judge Irizarry:

       The government respectfully submits this letter regarding the upcoming sentencing proceeding in the above-referenced matter, currently scheduled for May 1, 2019 at 10 a.m.

       As an initial matter, with respect to the Third Addendum to the Revised Presentence Report (the "Addendum") disclosed on April 16, 2019, the government generally agrees with the offense level computation contained therein but disagrees with the U.S. Probation Department ("Probation") as to whether the defendant should benefit from a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  While Probation correctly notes that Application Note 2 for Section 3E1.1 <u>generally</u> precludes application of the adjustment where a defendant only admits guilt after trial conviction, this is a rare case where the adjustment should apply—even if the adjustment lowers the total offense level computation for all counts of conviction, due to the grouping analysis for relevant conduct.

       In this case, the defendant has "clearly demonstrated acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  Indeed, the defendant elected to plead guilty to all of the charges reinstated by the Second Circuit rather than proceeding to trial, thereby "permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently"; he should benefit accordingly.  U.S.S.G. § 3E1.1(b).  Moreover, throughout the proceedings before Your Honor, the defendant has never contested his role in the embezzlement—even while successfully seeking pretrial dismissal

of the embezzlement charges. Accordingly, the three-level adjustment for acceptance of responsibility should apply.

For the reasons set forth in the government's October 31, 2018 submission, the government respectfully submits that a sentence of 60 months' imprisonment to run concurrently to the Court's existing sentence in this matter, coupled with full payment of restitution by the defendant to the Supreme Court of the State of New York in Kings County, will adequately reflect the seriousness of the actual offense behavior and not undermine the statutory purposes of sentencing or the sentencing Guidelines. The proposed plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) preserves the Court's authority to impose a significant sentence that serves the statutory interests of sentencing and is commensurate with the defendant's serious offense conduct. Indeed, assuming application of the three-level adjustment for acceptance of responsibility, a 60-month sentence would be well above the applicable Guidelines range of 41 to 51 months' incarceration. For these reasons, the government submits that the agreed-upon sentence is reasonable and appropriate, and the respectfully requests that the Court accept the proposed plea agreement.[1]

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/ Alexander A. Solomon
Alexander Solomon
Assistant U.S. Attorney
(718) 254-6074

Enclosures

cc:   Clerk of the Court (DLI) (by ECF and hand)
      Defense counsel (by ECF)
      U.S. Probation Officer Jeremy Neiss (by email)

---

[1] Attached hereto as exhibits are the transcript from the defendant's original sentencing hearing and a copy of the executed proposed plea agreement.